UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN NEGRETE,

    Petitioner,

v.

BRENDA M. CASH,[1]

    Respondent.

No. 2:13-cv-123-EFB P

ORDER

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254.[2] Respondent moves to dismiss the petition as untimely and unexhausted. ECF No. 9. The motion is granted for the reasons that follow.

**I.    Background**

On April 26, 2011, petitioner pleaded guilty to violating California Penal Code § 288(a) (lewd acts upon a child) and was sentenced to a term of three years in prison. ECF No. 11, Notice of Lodging Document in Paper, and Lodged Doc. 1 (Abstract of Judgment from San Joaquin

---

[1] Petitioner named the State of California as respondent. ECF No. 1. The court substitutes the correct respondent, the Warden of the California Institute for Men, where petitioner is presently incarcerated. *See Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition"); *see also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).

[2] This case is before the undersigned pursuant to the parties' consent. ECF Nos. 4, 10; *see* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Cal. L.R. 301, 305.

County Superior Court). Petitioner did not appeal, but did file a petition for writ of habeas corpus in the San Joaquin County Superior Court on July 10, 2012. Lodged Doc. 2. That petition was denied on September 6, 2012. *Id.* Petitioner has not filed any petition or appeal regarding his conviction in the California Supreme Court. Lodged Doc. 3.

## II.     The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### A.     Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court that elaborates on the claims raised in the lower-court petition (rather than raises different claims). *Stancle v. Clay,* 692 F.3d 948, 953 (9th Cir. 2012); *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Nor does a state petition filed after the federal limitations period has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

2

### B. Equitable Tolling and the Equitable Exception for Innocence

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2554, 2562 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

In addition, the statute of limitations is subject to an actual innocence exception.[3] A petitioner may have his untimely filed case heard on the merits if he can persuade the district court that it is more likely than not that no reasonable juror would have convicted him. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1933 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 133 S. Ct. at 1935. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id.*

### III. Analysis

Petitioner does not contend here that there was a state-created impediment to his filing of this petition. Neither does he assert that the factual predicate of his claims could not be discovered until a certain time, or that a new Supreme Court rule retroactively applies to this case.

/////

---

[3] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

Accordingly, because petitioner did not file an appeal of his conviction, the federal habeas limitations period began running on the date that the time for filing an appeal expired. 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). That date is June 25, 2011, 60 days after petitioner's conviction on April 26, 2011. Cal. R. Ct. 8.308.

This action was filed on January 22, 2013. ECF No. 1. Thus, absent tolling, the case is untimely.[4] Petitioner's habeas petition in the San Joaquin County Superior Court was filed on July 10, 2011, after the expiration of the federal limitations period. Thus, it does not provide a basis for tolling. *Ferguson*, 321 F.3d at 823. In his opposition brief, petitioner states that "he was move[d] to another prison in California, and he did not know the law, he does not speak fluently English, he is 83 years old and ill." ECF No. 15 at 1. The court assumes that petitioner seeks equitable tolling due to these alleged difficulties. However, petitioner's conclusory assertions are not sufficient to discharge the high burden necessary to obtain equitable tolling. Petitioner has provided no facts showing that a prison transfer, his lack of legal knowledge, his lack of English fluency, his age, and/or some illness prevented him from timely filing his petition despite his diligence. As the petition is untimely and petitioner has not established a basis for tolling, the petition must be dismissed.[5]

**IV.    Order**

For the reasons stated above, it is hereby ORDERED that:

1.  Respondent's September 27, 2013 motion to dismiss (ECF No. 9) is granted;
2.  This action is dismissed with prejudice as barred by the limitations period contained in 28 U.S.C. § 2244(d)(1)(A)-(D);
3.  The Clerk is directed to close the case; and

---

[4] Petitioner makes no claim of innocence, so the equitable exception for such claims is not at play here.

[5] Respondent also argues that the petition should be dismissed because petitioner has failed to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b), (c); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (to exhaust state remedies, a habeas petitioner must present his federal claim to the highest state court with jurisdiction to consider it). As the court has determined that the petition must be dismissed as untimely, the court does not address this issue.

1   4. The court declines to issue a certificate of appealability.

2   Dated: February 12, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE